IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT WILLIAMS,

        Plaintiff,

v.                                              CIV 06-904 JH/CEG

JOSE ROMERO, WEXFORD HEALTH
SOURCE AND ITS EMPLOYEES
JOSEPHINE CAHILL, RELTA VIZIER,
BARBARA SAURMAN, JENNIFER HALL,
ELAINE JIMENEZ, BECKY SPEED,
CHEVON LOPEZ, RHONDA MESCAL,
JESSICA DUNAWAY,

        Defendants.

MEMORANDUM OPINION AND
ORDER TO SHOW CAUSE

        This matter is before the court *sua sponte* under U.S.C. § 1915(e)(2), FED. R. CIV. P. 12(b)(6), and 42 U.S.C. § 1997e(a) to review Plaintiff's civil rights complaint.  *See Doc. 1*.  In addition, Plaintiff has filed a motion for appointment of counsel.  *See Doc. 3*.  Plaintiff is an inmate appearing *pro se* and proceeding *in forma pauperis*.  For the reasons below, Plaintiff's motion for appointment of counsel is denied and Plaintiff will be required to show cause why his complaint should not be dismissed.

        The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted."  The Court also may dismiss a complaint *sua sponte* under 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on

the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).

Furthermore, according to the provisions of 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." In reviewing Plaintiff's *pro se* complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint seeks injunctive relief and alleges that Defendants have failed to provide adequate necessary medical treatment to Plaintiff, who suffers from amyotrophic lateral sclerosis. *See Doc. 1*. The complaint also alleges unsanitary and unsafe conditions. *Id.* Regarding exhaustion, the complaint states:

> As for counts 1, 2, and 3, informal complaints were filed and denied. Grievances filed and denied, said to be untimely. Second grievances filed, denied. 'Answered in previous grievances.' As for counts 4 and 5, informal complaints were filed and denied. Grievances filed and denied. An appeal was filed and denied. As for counts 6-10, informal complaints denied, grievances denied. 'Abuse of grievance process.'

*Id.* at 27. The complaint, however, contains no documentation of these alleged attempts to exhaust administrative remedies.

Plaintiff must administratively exhaust all of his claims before commencing litigation in federal court. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, n.6 (2001). "A prisoner . . . must 'attach[ ] a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.'" *Steele v. Federal Bureau of Prisons*, 255 F.3d

1204, 1210 (10th Cir. 2004) (*quoting Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *see also Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134, 1139. A plaintiff who has not administratively exhausted a claim must either withdraw the claim or show cause why the complaint should not be dismissed. *See Dawson v. Taylor*, 128 F. Appx. 677, 679 (10th Cir. 2005). "[T]he district court may permit an inmate who has filed a mixed complaint in a § 1983 complaint [sic] to dismiss voluntarily his unexhausted claims and to proceed only on those he has exhausted." *West v. Kolar*, 108 F. Appx. 568, 570 (10th Cir. 2004) (citing *Rose v. Lundy*, 455 U.S. 509, 510 (1982)). Under these standards, Plaintiff has not sufficiently shown exhaustion of administrative remedies. If he fails to establish that he has exhausted all of his claims, or to withdraw unexhausted claims, the Court may dismiss the complaint.

Plaintiff's motion for appointment of counsel is denied at this time without prejudice. The issues at this point are not complex and discretion warrants that counsel not be appointed. *E.g.*, *Williams v. Meese*, 926 F.2d 994, 996-997 (10th Cir. 1991).

IT IS THEREFORE ORDERED that Plaintiff's motion for appointment of counsel (*Doc. 3*) is denied without prejudice;

IT IS FURTHER ORDERED that within twenty days from entry of this order, the Plaintiff may file a response to this order establishing that: (i) he has exhausted all of his claims, (ii) he is withdrawing his unexhausted claims, or (iii) showing cause, if any, why his complaint should not be dismissed.

_____
UNITED STATES MAGISTRATE JUDGE